Filed 2/5/25  P. v. Belfield CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROBERT LEEAARON BELFIELD,<br><br>    Defendant and Appellant. | F087852<br><br>(Super. Ct. No. 1434688)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County.  Dawna Reeves, Judge.

Larenda R. Delaini, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Detjen, Acting P. J., Peña, J. and Smith, J.

## INTRODUCTION

After the passage of Assembly Bill No. 600 (2023–2024 Reg. Sess.) (Assembly Bill 600), defendant Robert Leeaaron Belfield petitioned for recall of his sentence pursuant to Penal Code section 1172.1, subdivision (a). (Undesignated statutory references are to the Penal Code.) The court denied the petition, noting under section 1172.1, subdivision (c), defendant was not entitled to file a petition seeking relief from the court.

On appeal, counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216. Our court sent defendant a letter notifying him counsel found no arguable issues, he had 30 days to file a supplemental letter or brief raising any arguable issues, and his failure to file a supplemental letter or brief could result in this court dismissing the appeal as abandoned. Defendant filed a supplemental letter.

After reviewing defendant's supplemental letter brief, we affirm the court's postjudgment order.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2012, defendant was charged with attempted murder (§§ 664, 187, subd. (a); count I), two counts of first degree robbery in concert (§§ 212.5, subd. (a), 213, subd. (a)(1)(A); counts II & III), residential burglary (§ 459; count IV) and two counts of assault with a firearm (§ 245, subd. (a)(2); counts V & VI). It was alleged defendant personally and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)) during the commission of counts I and II, he personally inflicted great bodily injury (§ 12022.7, subd. (a)) during the commission of counts I, II and V, and he personally used a firearm (§ 12022.5, subd. (a)) during the commission of counts I, II, III, IV, V and VI. It was further alleged defendant personally used a firearm in violation of section 12022.53, subdivision (b) during the commission of count III. With regard to each count, it was further alleged defendant was a principal in the commission

2.

of the offense and codefendants Jasmine Marie Hampton and Philander Lewis were armed with a firearm during the commission of the offense (§ 12022, subd. (a)(1)).

In 2014, a jury convicted defendant of counts II, III, IV, V and VI, and the court sentenced him to an aggregate term of 25 years' imprisonment that included an upper term of nine years on count II, plus a consecutive term of two years on count III (one-third the middle term). Punishment on the remaining counts was stayed pursuant to section 654. The court also imposed a 10-year term for the section 12022.5 firearm enhancement and a three-year term for the section 12022.7 great bodily injury enhancement attached to count II, and a one-year term (one-third the middle term) for the section 12022.5 firearm enhancement attached to count III.

On March 1, 2024, defendant filed a form "Request for Recall of Sentence and Resentencing Pursuant to Assembly Bill 600 and Penal Code Section 1172.1." Under a part titled, "Statement of Eligibility," defendant checked boxes asserting he was "eligible for consideration of a new sentence under AB 600 and Penal Code § 1172.1" based on changes to section 1385 (amended in 2022 by Sen. Bill No. 81) and sections 1170 and 1170.1 (amended in 2022 by Sen. Bill No. 567). He also noted in a box marked "Other" that he was eligible for consideration of a new sentence based upon Senate Bill No. 620's changes to section 1385. Under the next part, titled "Reasons to Grant Relief," defendant asked the court "to strike the remaining time for the gun enhancements in the interest of justice." Specifically, he asked the court to exercise its discretion under Assembly Bill 600 to strike the gun enhancements as permitted by Senate Bill No. 620. He stated he had "been participating in self-help groups, is active in his rehabilitation, and will gladly allow the court access to his C-file and mental health file." He asserted he was a "youth offender" and had "been incarcerated almost 13 years." He stated he "regrets his actions and wishes to make amends to the victims, the victims['] families, the community, as well as his own family." He checked a box stating he requested appointment of counsel.

The court issued a written order on March 12, 2024, denying defendant's request for recall and resentencing. The court order states in part: "The authority to recall a sentence under section 1172.1(a)(1) is vested with the court on its own motion, the Secretary of the CDCR [California Department of Corrections and Rehabilitation] or the Board of Parole hearings, the District Attorney or the Attorney General. [Section] 1172.1(c) specifically states 'a defendant is not entitled to file a petition seeking relief from the court under this section.' [¶] The Petition is denied."

## DISCUSSION

In *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), the California Supreme Court held the Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or "describes the appeal as frivolous." (*Id*. at p. 441; see *Anders v. California* (1967) 386 U.S. 738, 744 (*Anders*).) This procedure is applicable to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution. (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 221, citing *Wende*, *supra*, at pp. 439, 441; accord, *Anders*, *supra*, at pp. 740, 744.)

In *People v. Delgadillo*, *supra*, 14 Cal.5th 216, the court held that the procedure provided for in *Wende/Anders* is not applicable to an appeal from a trial court's order denying a petition for postconviction relief under section 1172.6. (*Delgadillo*, *supra*, at p. 222.) The *Delgadillo* court explained the *Wende/Anders* procedure did not apply because the denial of the defendant's section 1172.6 petition did not implicate the defendant's constitutional right to counsel (even if the defendant had a state-created right to the appointment of counsel for that appeal). (*Delgadillo*, at pp. 224, 226.) The *Delgadillo* court reasoned "'there is no constitutional right to the effective assistance of counsel' in state postconviction proceedings." (*Id.* at p. 226; see *id*. at p. 227 [reaffirming "'[t]here is no unconditional state or federal constitutional right to counsel to pursue collateral relief from a judgment of conviction'"].) And "'*Anders* established a

4.

prophylactic framework that is relevant when, and only when, a litigant has a previously established constitutional right to counsel.'" (*Delgadillo*, at p. 226; see *Pennsylvania v. Finley* (1987) 481 U.S. 551, 555.) That is, "'*Anders*'s "prophylactic" procedures are limited in their applicability to appointed appellate counsel's representation of an indigent criminal defendant in his first appeal as of right. [Citations.] They do not extend to an appeal, even on direct review, that is discretionary. [Citation.] A fortiori, they do not reach collateral postconviction proceedings.'" (*Delgadillo*, at p. 227; see *Finley*, *supra*, at pp. 554–559; *In re Sade C.* (1996) 13 Cal.4th 952, 978.)

The *Delgadillo* court also rejected the argument that *Wende*-type procedures should apply as a matter of general due process principles requiring fundamental fairness. (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 228–229.) The *Delgadillo* court acknowledged the potential for relief under section 1172.6 is a "significant" interest that weighed in the defendant's favor, but it explained the state also has "an interest in an 'economical and expeditious resolution' of an appeal from a decision that is 'presumptively accurate and just,'" and "[i]ndependent review in *Wende* appeals consumes substantial judicial resources." (*Delgadillo*, at p. 229.) "Though not as onerous as independent review on direct appeal, requiring appellate courts to independently review the records of numerous postconviction appeals after appointed counsel found no arguable issues would still impose a significant burden on the court system." (*Ibid.*) The *Delgadillo* court stated, "Ultimately, '[t]he salient question here is whether the absence of the *Anders*/*Wende* procedures significantly increases the risk of erroneous resolutions.'" (*Ibid.*) The *Delgadillo* court acknowledged "the elaborate protections already in place," and noted with respect to the defendant's 1172.6 petition in that case: "After the appointment of counsel, a review of the record, briefing, and a hearing, the superior court concluded Delgadillo was ineligible for relief as a matter of law ….' On appeal from that determination, Delgadillo again had the assistance of appointed counsel, who again examined the record and determined there were no grounds

5.

upon which to challenge the superior court's determination." (*Delgadillo*, at p. 230.) "Accordingly, once appointed counsel here concluded there are no arguable issues, 'the value of applying the procedures required by our decision in *Wende* in criminal appeals is "too slight to compel their invocation."'" (*Ibid*.) Accordingly, the court held "the procedures set out in *Anders* and *Wende* do not apply to an appeal from the denial of postconviction relief, even if the defendant has a state-created right to the appointment of counsel for that appeal." (*Delgadillo*, at p. 226.)

The *Delgadillo* court prescribed a specific framework on an appeal from the denial of a section 1172.6 petition: "When appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 231.)

Notably, *Delgadillo* held, "If the defendant … files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.) Nevertheless, "if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice." (*Id.* at p. 230.) In this case, appellate counsel filed a brief pursuant to *Delgadillo* from the denial of defendant's petition for resentencing, asserting the order upon which this appeal is based is appealable, and stating "[s]ince the trial court had jurisdiction to consider [defendant]'s petition and refused to do so, [defendant] requests that this Court independently review the record pursuant to *People v. Delgadillo*[, *supra*,] 14 Cal.5th 216." The brief also included counsel's declaration that

6.

defendant was advised of the nature of the brief and that he could file his own supplemental brief with this court. This court sent defendant an order that, pursuant to *Delgadillo*, the appeal would be dismissed as abandoned if he failed to submit a letter brief within 30 days.

Initially, as in *Delgadillo*, defendant does not have a constitutional right to counsel because this is a state postconviction proceeding. (See *People v. Delgadillo*, *supra*, 14 Cal.5th at p. 226; accord, *Pennsylvania v. Finley*, *supra*, 481 U.S. at p. 555 ["Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"].) Thus, the prophylactic procedure provided for in *Wende* does not apply. (See *Delgadillo*, at p. 226; *Finley*, at p. 555 ["*Anders* established a prophylactic framework that is relevant when, and only when, a litigant has a previously established constitutional right to counsel"].) And we cannot conclude due process principles require application of such a procedure in this context.

Nevertheless, here, defendant filed a supplemental letter with our court stating he believed he could have sent more information regarding why he is "a positive prospect for resentencing" under Assembly Bill 600. He submitted for our court's review "several documents and plans for re-entering society if … granted a re-sentencing …," including documents titled: Insight Statement, Relapse Prevention Plan, Remorse Statement, Effective Goal Setting Plans, and Transitional Support Team, which appear to be authored by defendant. He states he believes the information would "assist the court in evaluating [him] as the person that [he has] become after years of self-reflection and rehabilitation." We have considered the matters raised in defendant's supplemental letter, exercised our discretion to conduct an independent review of the record, and, for the reasons that follow, affirm the court's order.

We begin by noting "'[a]n appellate court generally is not the forum in which to develop an additional factual record.'" (*People v. Jacinto* (2010) 49 Cal.4th 263, 272, fn. 5, quoting *People v. Peevy* (1998) 17 Cal.4th 1184, 1207; see *People v. Castillo* (2010)

7.

49 Cal.4th 145, 157.) Indeed, "as a general rule the court should not take [judicial] notice if, upon examination of the entire record, it appears that the matter has not been presented to and considered by the trial court in the first instance." (*People v. Preslie* (1977) 70 Cal.App.3d 486, 493.) And here, the additional documents provided by defendant with his supplemental brief, which include his statements regarding how his perspective has changed and plans and goals for the future, do not appear to have been presented to the trial court in the first instance.

Furthermore, section 1172.1, subdivision (a) provides the court with discretion with regard to whether to grant recall and resentencing on its own motion when "the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1); see *People v. Carmony* (2004) 33 Cal.4th 367, 375 ["'Discretion is the power to make the decision, one way or the other'"].) Because a court's decision to recall and resentence on its own motion pursuant to section 1172.1, subdivision (a) is discretionary, its decision not to recall and resentence necessarily requires some exercise of discretion and should be reviewed for an abuse of discretion. (See *Carmony*, *supra*, at p. 375 [concluding abuse of discretion standard applies to court's decision to strike a prior as well as decision to *not* to strike a prior].) To establish an abuse of discretion, defendant must establish the court "act[ed] while unaware of the scope of its discretion" (*People v. Tirado* (2022) 12 Cal.5th 688, 694), "considered impermissible factors" (*Carmony*, *supra*, at p. 378), or made a choice "so irrational or arbitrary that no reasonable person could agree with it" (*id.* at p. 377).

And here, defendant has not established the trial court's denial of his request for recall and resentencing amounted to an abuse of discretion, that is that the court misunderstood the scope of its discretion, considered impermissible factors, or that its decision was otherwise irrational or arbitrary. (See *People v. Carmony*, *supra*, 33 Cal.4th at p. 376.) Rather, the court accurately stated in its order that, "[t]he authority to recall a sentence under section 1172.1(a)(1) is vested with the court on its own motion, the

8.

Secretary of the CDCR or the Board of Parole hearings, the District Attorney or the Attorney General. [Section] 1172.1(c) specifically states 'a defendant is not entitled to file a petition seeking relief from the court under this section.'" (See § 1172.1, subds. (a), (c).) It appears the court was aware of its discretion to resentence on its own motion pursuant to the statute, and we presume the court acted to achieve legitimate sentencing objectives in denying defendant's request for recall and resentencing. (See *People v. Carmony*, *supra*, at pp. 376–377.)

Moreover, after conducting an independent review of the record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The court's postjudgment order is affirmed.